UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

KISMET HODJA,

                              Plaintiff,

             -against-

Police Officer LUCIOUS JOHNSON, Shield No. 4049; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Kismet Hodja ("plaintiff" or "Ms. Hodja") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Lucious Johnson, Shield No. 4049 ("Johnson"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Johnson is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 10 p.m. on May 15, 2012, plaintiff was lawfully in the

70th Precinct at 154 Lawrence Avenue in Brooklyn, New York.

12. Just prior to the incident, Ms. Hodja had been walking with her boyfriend when officers approached them and arrested her boyfriend.

13. When plaintiff went with a friend to the 70th Precinct to inquire about her boyfriend, defendants laughed and cursed at her, including calling her a bitch and told her to get out.

14. When Ms. Hodja asked the defendants for their names and badge numbers they arrested her.

15. Defendants searched Ms. Hodja, applied overly tight handcuffs on both her hands and her feet and put her in a cell.

16. Ms. Hodja repeatedly asked to use the bathroom, but defendants refused and said in sum, "piss on yourself." Only after several hours was she ever permitted to use a bathroom.

17. The officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff obstructing governmental administration, engage in disorderly conduct and resist arrest, and prepared false paperwork to that effect, including an arrest report.

18. At no point did the officers observe plaintiff obstruct governmental administration, engage in disorderly conduct or resist arrest.

19. Ms. Hodja was taken to Brooklyn Central Booking.

20. Plaintiff was eventually arraigned in Kings County Criminal Court and, after spending approximately 30 hours in custody, Ms. Hodja was released on her own recognizance.

21. Due to this unlawful arrest, plaintiff missed approximately two days of work.

22. Approximately six months later, on or about November 15, 2012, plaintiff had to appear in Kings County Criminal Court where the criminal charges were adjourned in contemplation of dismissal.

23. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, loss of wages and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

26. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. The individual defendants created false evidence against plaintiff.

35. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

36. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

40. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   January 30, 2013
         New York, New York

                              HARVIS WRIGHT
                              SALEEM & FETT LLP

                              _____
                              Gabe Harvis
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              gharvis@hwsflegal.com

                              *Attorney for plaintiff*